IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01701-CMA-MJW

REED KIRK MCDONALD,

Plaintiff,

v.

ARAPAHOE COUNTY, a quasimunicipal corporation and political subdivision of the State of Colorado,

Defendant.

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
(DOCKET NO. 13)**

**Entered by Magistrate Judge Michael J. Watanabe**

This case is before the Court pursuant to an Order (Docket No. 15) referring the subject motion (Docket No. 13) issued by Judge Christine M. Arguello on August 29, 2017. Now before the Court is Defendant Arapahoe County's ("Defendant") Motion to Dismiss. (Docket No. 13.) The Court has carefully considered the motion, the Response (Docket No. 19), the Reply (Docket No. 21), and the Sur-reply (filed without leave of Court) (Docket No. 23). The Court has taken judicial notice of the Court's file and has considered the applicable Federal Rules of Civil Procedure and case law. The Court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

## I. BACKGROUND

Plaintiff Reed Kirk McDonald's ("Plaintiff") Complaint for Declaratory Judgment (the "Complaint") (Docket 1) is another in a series of lawsuits Plaintiff has filed

stemming from the foreclosure and sale of his house and the subsequent forcible entry and detainer lawsuit ("FED") that ultimately led to his eviction from the property. The Complaint and Plaintiff's Response (Docket No. 19) to the Motion to Dismiss suffer from similar deficiencies in that both are vague, scattershot, and replete with irrelevant tangents. However, construing the pleadings liberally, and reviewing the state court filings attached to Plaintiff's Complaint, Plaintiff's claims can be summarized as follows.

Plaintiff alleges that "national banks" conspired to foreclose on Plaintiff's property in retaliation for Plaintiff exposing instances of securities fraud and tax evasion. (Docket No. 1 at ¶¶ 9-11.) In 2012, Citibank, NA ("Citibank") initiated foreclosure proceedings (Arapahoe County District Court Case No. 2012CV202099) and the property was sold by the Arapahoe County Public Trustee. Plaintiff continued to reside on the property and in 2014,Citibank brought an FED action (Arapahoe County District Court Case No. 2014CV200074) against Plaintiff, which eventually resulted in judgment for possession being entered in favor of Citibank and against Plaintiff. Plaintiff appealed the FED judgment. While the case was on appeal, Citibank sought and was granted a Writ of Restitution. (Docket No. 1-3 at pp. 57-63.) The Colorado Court of Appeals affirmed the district court's judgment on October 15, 2015. *See Citibank, N.A. v. McDonald*, No. 14CA0759, 2015 WL 6121749, at *1 (Colo. App. Oct. 15, 2015) (unpublished). On September 16, 2016, and again on January 5, 2017, Citibank moved for the reissuance of the expired Writ of Restitution. (Docket No. 1-3 at pp. 66-67, 69-75.) The last motion was presumably granted, given that Plaintiff was finally evicted in January 2017.

Plaintiff alleges that the Arapahoe County District Court unlawfully issued the Writs of Restitution while the FED case was on appeal. Plaintiff argues that his

constitutional due process rights were violated, and that this was especially unfair because Citibank filed the motions without conferring with him and without personally serving him. (Docket No. 1 at ¶¶ 55-71.) Plaintiff agues that the state court should not have ordered the foreclosure and eviction based on a forged "conveyance instrument." Finally, he apparently argues that Arapahoe County is liable for executing the state court's writs and evicting him from the property.

## II. LEGAL STANDARD

### *a. Pro Se* Plaintiff

Plaintiff is proceeding *pro se*. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to an application of different

rules. See *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### b. Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the case at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006)

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the

complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

### c. Failure to State a Claim Upon Which Relief Can Be Granted

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court

5

considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

In assessing a motion to dismiss under Rule 12(b)(6), the usual rule is that a court should consider no evidence beyond the pleadings. *See Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1216 (10th Cir.2007). "If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado*, 493 F.3d at 1216 (quoting *Jacobsen v. Deseret*

6

*Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997)("[i]f a document is referenced in and central to a complaint, a court need not convert the motion but may consider that document on a motion to dismiss.). In addition, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir.2006).

### III. ANALYSIS

Defendant argues that Plaintiff's Complaint should be dismissed for several reasons, which the Court shall address in turn.

**a. *Younger* Abstention**

First, Defendant claims that *Younger v. Harris*, 401 U.S. 37 (1971), requires the Court to abstain from interfering with pending state court proceedings. Citing the three *Younger* factors, Defendant argues that abstention is appropriate here because: (1) there are ongoing state civil proceedings (namely, Arapahoe County District Court Case No. 2014CV200074 and its associated Petition for Writ of Certiorari in Colorado Supreme Court Case No. 2017SC465); (2) at which Plaintiff has raised his concerns regarding the foreclosure and eviction proceedings; and (3) state courts have jurisdiction over such claims. However, since Defendant's motion was filed, the Colorado Supreme Court has denied Plaintiff's Petition for Writ of Certiorari. *See McDonald v. CitiBank N.A. for Chase Funding Mortg. Loan Asset-Backed Certificates, Series 2002-4*, No. 17SC465, 2017 WL 5477384 (Colo. Nov. 13, 2017). Thus, there are

7

no pending state court proceedings, and *Younger* does not deprive the Court of jurisdiction.

### b. The *Rooker-Feldman* Doctrine

Next, Defendant argues that the *Rooker-Feldman* doctrine bars Plaintiff's suit. The Court agrees.

Under 28 U.S.C. § 1257(a), "federal review of state court judgments can be obtained only in the United States Supreme Court." *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998). The *Rooker–Feldman* doctrine stems from two United States Supreme Court cases which interpret this limitation on the review of state court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "The *Rooker–Feldman* doctrine precludes 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Tal*, 453 F.3d at 1255–56 (10th Cir. 2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Accordingly, the doctrine forecloses "appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). The doctrine "applies only to suits filed after state proceedings are final." *Guttman v. G.T.S. Khalsa*, 446 F.3d 1027, 1173 (10th Cir. 2006). Challenges brought pursuant to the *Rooker–Feldman* doctrine are challenges to a federal district court's subject matter jurisdiction. *Crutchfield v. Countrywide Home Loans*, 389 F.3d

8

1144, 1147 (10th Cir. 2004).

The *Rooker–Feldman* doctrine is not limited to the preclusion of claims actually litigated and decided on the merits by the state court, it also precludes claims which are inextricably intertwined with the state court judgment. *Tal*, 453 F.3d at 1256. "A claim is inextricably intertwined if 'the state-court judgment caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress.'" *Id.* (quoting *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 478 (10th Cir.2002)). "[I]f a favorable resolution of a claim would upset a [state court] judgment, the claim is [barred under the *Rooker–Feldman* doctrine] if it is 'inextricably intertwined' with the judgment, even if the underlying judgment issue was not raised or addressed in the state court that handed down the judgment." *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1140 (10th Cir. 2006). However, if the plaintiff presents an independent claim, even if it denies a legal conclusion that a state court has reached, the federal district court has jurisdiction. *Id.* at 1143 (citing *Exxon*, 544 U.S. at 1527).

The Tenth Circuit Court has recognized that a state foreclosure action is final and subject to application of the *Rooker–Feldman* doctrine where the state court had entered an order approving the sale of the property to the bank; the Public Trustee had issued a deed to the bank; the state court had entered an order in an eviction action for judgement for possession of the property in favor of the bank; and the plaintiff was not seeking to enjoin foreclosure of the property, but was instead attempting to completely undo the foreclosure. *Garcia v. Aronowitz & Mecklenburg, LLP*, No. 13-cv-00241-RBJ-MJW, 2013 WL 3895044, at *4 (D. Colo. July 26, 2013). *See also*

9

*Dillard v. Bank of New York*, 2012 WL 1094833, at *2, n. 3 (10th Cir. April 3, 2012); *Moore v. One West/Indy Mac Bank*, No. 10–cv–01455–REB–CBS, 2010 WL 3398855, at *5 (D. Colo. Jul. 12, 2010) (finding the *Rooker–Feldman* doctrine is "applicable both to claims at issue in a state court order authorizing foreclosure sale and to claims that are 'inextricably intertwined' with such an order").

Here, contrary to Plaintiff's assertions, the foreclosure and FED proceedings were completed and final for the purposes of the *Rooker-Feldman* doctrine. It is obvious from the record that Plaintiff does not seek to enjoin a pending foreclosure sale. Plaintiff's current lawsuit was filed years after the foreclosure sale took place, years after sale was approved by the Arapahoe County District Court, and years after judgment was entered in the FED action. Instead, Plaintiff attacks the underlying foreclosure proceedings, claiming that the state court relied on fraudulent and forged documents. The Court has no jurisdiction to second-guess or review the state court's findings and orders on the foreclosure.

Similarly, Plaintiff's appeal of the state court's FED judgment was dismissed by the Colorado Court of Appeals, and the Colorado Supreme Court denied Plaintiff's Petition for Writ of Certiorari. These forums provided Plaintiff adequate opportunity to argue whether or not the state court could issue the Writs of Restitution while the FED judgment was appealed, which is the crux Plaintiff's Complaint and "inextricably intertwined" with the underlying FED action. Indeed, Plaintiff expressly argued to the Colorado Supreme Court that his rights were violated when the state court "invited, accepted and granted writ while it was without jurisdiction." Neither state appellate court agreed with Plaintiff. For this Court to determine otherwise would plainly invalidate the

state law findings, orders, and judgment.

Plaintiff's lawsuit is an attempt to relitigate state law claims that have been raised and decided on numerous occasions in various state and federal proceedings. His Complaint is therefore barred by the *Rooker-Feldman* doctrine.

**c. Municipal Liability**

Even if the Court did have subject matter jurisdiction over this case, Plaintiff's Complaint still fails as a matter of law. Although Plaintiff identifies his Complaint as one for declaratory judgment, he actually asserts a 42 U.S.C. § 1983 claim for violations of his 4th, 5th, and 14th Amendment rights. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978) (footnote omitted). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.

In order to state a § 1983 municipal liability claim, a party must allege sufficient facts to demonstrate that it is plausible (1) that the municipal employee committed a constitutional violation; and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation. *Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004). A municipal policy or custom can take the form of "(1) a formal

regulation or policy statement; (2) an informal custom amoun[ting] to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused." *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (citations omitted).

Here, Plaintiff's Complaint fails for two reasons. First, and most obviously, the actions of a district court judge cannot, by definition, give rise to a municipal liability claim against a county government because district court judges are state, not county, employees. In other words, Arapahoe County is not the proper defendant for claims against the Colorado Judicial Branch. Second, Plaintiff's Complaint is wholly devoid of any allegations that Arapahoe County itself had any policy or custom which led to the alleged constitutional violations. Accordingly, Plaintiff's Complaint fails to state any claims upon which relief can be granted and should be dismissed.

## IV. RECOMMENDATION

WHEREFORE, for the foregoing reasons, it is hereby RECOMMENDED that Defendant's Motion to Dismiss (Docket No. 13) be GRANTED and that Plaintiff's) Complaint for Declaratory Judgment (Docket 1) be DISMISSED WITH PREJUDICE.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2),**

**the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge,** *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), **and also waives appellate review of both factual and legal questions.** *Makin v. Colorado Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

                                                  BY THE COURT

Date:  January 26, 2018          s/ Michael J. Watanabe
        Denver, Colorado          Michael J. Watanabe
                                           United States Magistrate Judge