IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-01701-CMA-MJW

REED KIRK MCDONALD,

    Plaintiff,

v.

ARAPAHOE COUNTY, a quasimunicipal corporation and political subdivision of the State of Colorado,

    Defendant.

_____

**ORDER AFFIRMING AND ADOPTING THE JANUARY 26, 2018
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter comes before the Court on Defendant Arapahoe County's Motion to Dismiss. (Doc. # 13.) The Court referred Defendant's Motion to Dismiss to United States Magistrate Judge Michael J. Watanabe. (Doc. # 18.) On January 26, 2018, Magistrate Judge Watanabe issued a Recommendation that this Court grant Defendant's Motion and dismiss Plaintiff Reed Kirk McDonald's case in its entirety. (Doc. # 24.) For the reason discussed below, the Court concludes that Magistrate Judge Watanabe's Recommendation is correct.

### I.     BACKGROUND AND PROCEDURAL HISTORY

The Magistrate Judge's Recommendation details the factual and procedural background of this case and of Plaintiff's copious related actions. *See* (Doc. # 24 at 1–3.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C.

§ 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, the factual background of this dispute will be reiterated only to the extent necessary to address Plaintiff's objections.

As Magistrate Judge Watanabe explained, this action is one in a series of lawsuits Plaintiff has filed regarding the foreclosure and sale of his house, the subsequent forcible entry and detainer ("FED") suit, and his eviction from the property. *See* (Doc. # 24 at 1–3.) In 2012, Citibank, NA ("Citibank") initiated foreclosure proceedings on Plaintiff's residential property in Littleton, Colorado. The Arapahoe County Public Trustee sold the property on October 17, 2012, but Plaintiff continued to reside on the property. In 2014, Citibank brought a FED action against Plaintiff in Arapahoe County District Court. *See Citibank N.A. v. McDonald*, No. 2014-cv-200074 (Arapahoe Cty. Dist. Court). The district court entered a judgment for possession in favor of Citibank and against Plaintiff. Plaintiff appealed. While the appeal was before the Colorado Court of Appeals, Citibank sought and was granted a Writ of Restitution from the district court on October 8, 2015. *See* (Doc. # 1-3 at 57–63.) The Colorado Court of Appeals affirmed the district court's judgment in the FED action on October 15, 2015. *Citibank, N.A. v. McDonald*, Nos. 14CA0759, 14CA1359, 2015 WL 6121749, *1 (Colo. App. Oct. 15, 2015) (unpublished), *rehearing denied* (Nov. 12, 2015).

Plaintiff subsequently filed two petitions for writ of certiorari to the Colorado Supreme Court, a motion for emergency temporary restraining order, six motions for relief under Colorado Appellate Rule 21, and two more appeals. *See* (Doc. # 13 at 2–3.) The Colorado Court of Appeals and the Colorado Supreme Court denied or dismissed each of these filings between 2015 and 2017. As Plaintiff continued to

litigate the FED action, Citibank moved for and was granted the reissuance of the expired Writ of Restitution on September 14, 2016, and again on January 5, 2017. (Doc. # 1-3 at 66–67, 72–75.) Plaintiff was evicted from his property on January 30, 2017. (Doc. # 13 at 4.)

Plaintiff initiated this action against Arapahoe County on July 13, 2017, alleging that the Arapahoe County District Court was without jurisdiction to issue the Writs of Restitution while Plaintiff was appealing his case. (Doc. # 1.) Magistrate Judge Watanabe summarized Plaintiff's "vague, scattershot, and replete with irrelevant tangents" Complaint as also arguing:

> Plaintiff argues that his constitutional due process rights were violated, and that this was especially unfair because Citibank filed the motions without conferring with him and without personally serving him. Plaintiff also argues that the state court should not have ordered the foreclosure and eviction based on a forged "conveyance instrument." Finally, he argues that Arapahoe County is liable for executing the state court's writs and evicting him from the property.

(Doc. # 24 at 2–3 (citing Doc. # 1)).

Defendant moved to dismiss the entire action on August 28, 2017, arguing that Plaintiff's claims are "barred by the *Younger* abstention doctrine and/or *Rooker-Feldman* doctrines, the court lacks subject matter jurisdiction . . . , and [Plaintiff] fails to state a plausible claim for relief against Arapahoe County." (Doc. # 13 at 4.) Plaintiff timely responded on September 18, 2017 (Doc. # 19), to which Defendant replied on October 2, 2017 (Doc. # 21). Without leave of the Court, Plaintiff also filed a surreply. (Doc. # 23.)

On January 26, 2018, Magistrate Judge Watanabe issued his Recommendation. (Doc. # 24.) He concluded that the *Rooker-Feldman* doctrine bars Plaintiff's suit and

therefore recommended that Defendant's Motion to Dismiss be granted. (*Id.* at 8.) On February 15, 2018, Plaintiff belatedly filed objections to the Recommendation.[1] (Doc. # 28.)

## II.     STANDARD OF REVIEW

Plaintiff initiated this lawsuit as a *pro se* litigant. The Court, therefore, reviews his pleading "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Nor does *pro se* status entitle a litigant to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

---

[1] The Recommendation advised parties—in bold—that pursuant to 28 U.S.C § 636(b)(1)(c) and Federal Rule of Civil Procedure 72(b)(2), they had **fourteen days** after service of the Recommendation to serve and file specific objections to the Recommendation. (Doc. # 24 at 12–13.) Plaintiff filed his objections to the Recommendation twenty days after service of the Recommendation. The Court nonetheless considers Plaintiff's objections, given Plaintiff's *pro se* status.

4

When a magistrate judge issues a recommendation on a dispositive manner, Fed. R. Civ. Pro. 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The Court has conducted a *de novo* review of this matter, including reviewing all relevant pleadings, the Recommendation, and Plaintiff's objection thereto, and did so with Plaintiffs' *pro se* status in mind. Based on this review, the Court concludes that Magistrate Judge Watanabe's Recommendation is accurate.

### III. ANALYSIS

#### A. THE *ROOKER-FELDMAN* DOCTRINE

The *Rooker-Feldman* doctrine states that federal district courts do not have subject matter jurisdiction to review final state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Specifically, the doctrine bars federal review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*; *see also Bolden v. City of Topeka*, 441 F.3d 1129, 1138 (10th Cir. 2006). The doctrine "applies only to suits filed after state proceedings are final." *Guttman v. Khalsa*, 446 F.3d 1027, 1032 (10th Cir. 2006).

The *Rooker-Feldman* doctrine also bars federal district courts from considering "claims inextricably intertwined with a prior state-court judgment." *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006); *see also Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 483 n.16 (1983). A claim is inextricably intertwined if "the state-court judgment **caused**, actually and proximately, the **injury** for which the federal-court plaintiff seeks **redress**." (*Id.*) (internal citations omitted).

The Magistrate Judge concluded that the Court does not have subject matter jurisdiction over this action because Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. (Doc. # 24 at 8–11.) The Magistrate Judge first cited decisions from this jurisdiction in which the *Rooker-Feldman* doctrine was held to bar claims concerning a state court's foreclosure order and claims "inextricably intertwined" with that foreclosure order. (*Id.* at 9–10 (citing, e.g., *Dillard v. Bank of New York*, 476 F. App'x 690, 692 (10th Cir. 2012); *Garcia v. Aronowitz & Mecklenburg, LLP*, No. 13-cv-00241-RBJ, 2013 WL 3895044, *5 (D. Colo. July 26, 2013))).

Second, the Magistrate Judge applied the *Rooker-Feldman* doctrine to this case's facts. (*Id.* at 10–11.) He observed that the foreclosure and FED actions "were completed and final" because "Plaintiff does not seek to enjoin a pending foreclosure sale." (*Id*. at 10.) Rather, Magistrate Judge Watanabe characterized Plaintiff's action as an attack on "the underlying foreclosure proceedings" because Plaintiffs claims "that the state court relied on fraudulent and forged documents." (*Id.*) He noted that the Colorado Court of Appeals dismissed Plaintiff's appeals of the state court's FED judgment and that the Colorado Supreme Court denied Plaintiff's petitions for review.

6

(*Id.*)  The Magistrate Judge explained, "These forums provided Plaintiff adequate opportunity to argue whether or not the state court could issue the Writs of Restitution while the FED judgment was appealed, which is the crux of Plaintiff's Complaint and 'inextricably intertwined' with the underlying FED action." (*Id.*)  For these reasons, the Magistrate Judge Watanabe concluded that Plaintiff's lawsuit "is an attempt to relitigate state law claims that have been raised and decided on numerous occasions in various state and federal proceedings" and that the suit is therefore barred by the *Rooker-Feldman* doctrine.  (*Id.* at 11.)

Plaintiff objects to that conclusion, arguing that the *Rooker-Feldman* doctrine is inapplicable.  (Doc. # 28.)  Plaintiff's primary argument is that this action is independent of the foreclosure and FED actions and instead "is about Arapahoe Counties [sic] violations of federal law." (*Id.* at 4–5.)  He does not seek "to overturn Arapahoe Counties [sic] Rule 120 statement in error" and is not suing the state court judge in the foreclosure and FED actions, he explains, but asks this Court "for redress upon Arapahoe Counties [sic] violations" of his civil rights.  (*Id.* at 9.)  As best this Court can piece together, these alleged "violations" are that "the Arapahoe County Clerk of Court thinking it held jurisdiction issued a secret [W]rit" of Restitution "and then concealed that writ from Plaintiff" while Plaintiff was appealing and seeking certiorari review of the FED judgment against him.  *See* (*id.* at 16.)  Plaintiff also attempts to analogize to cases in which courts held that the *Rooker-Feldman* doctrine did not bar the plaintiffs' claims because they were independent of the state court judgment, such as *In re Miller*, 666

F.3d 1255 (10th Cir. 2012), and *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006).  (Doc. # 28 at 5–8.)  The Court rejects this objection.

Plaintiff's claim—that the state court was without jurisdiction to issue Writs of Restitution during Plaintiff's numerous appeals of the FED judgment—is "inextricably intertwined" with the FED action; it is *not* independent of it.  Plaintiff misapprehends established case law concerning the causal link between a state court judgment and alleged injuries.  In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, the Supreme Court clarified that the *Rooker-Feldman* doctrine does not bar a federal district court's jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court.  If a federal plaintiff 'present[s] **some independent claim** . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'"  544 U.S. at 293 (emphasis added) (quoting *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)).

*GASH* is instructive in clarifying the difference between a claim inextricably intertwined with a state court judgment and a truly independent claim.  In *GASH*, the plaintiff owned an office building and decided to foreclose on its interest.  The building was sold at auction for a price far lower than the plaintiff expected, and a state court confirmed the sale above the plaintiff's objections.  995 F.2d at 727.  The plaintiff commenced a federal action against the winning bidder (a village), arguing that the defendant "winkled it out of full value for the property by commencing a condemnation action in state court while the foreclosure action was pending."  *Id.*  The Seventh Circuit held that that the federal district court lacked subject matter jurisdiction under the

8

*Rooker-Feldman* doctrine because the plaintiff's alleged injury was caused by the state court judgment approving the foreclosure sale—not by the actions of the defendant. *Id.* at 727–28. The Seventh Circuit explained, "the plaintiff is attacking the judgment itself. . . . [The plaintiff] did not suffer an injury out of court and then fail to get relief from state court; its injury came from the judgment confirming the sale." *Id.* at 728–29.

The *GASH* plaintiff is similar to Plaintiff in the instant action. Despite alleging injury by the clerk of the court, Plaintiff complains of an injury—the issuance of the Writs of Restitution—that "came from the judgment confirming the sale" of his property. *See id.* In *GASH* and in this case, "[the plaintiff] did not suffer an injury out of court and then fail to get relief from state court." *See id*. The GASH plaintiff and Plaintiff in this action thus did not present truly independent claims.

The cases Plaintiff relies on, *In re Miller* and *Bolden*, also distinguish Plaintiff's action from one concerning a truly independent claim to which the *Rooker-Feldman* doctrine does not apply. *See* (Doc. # 28 at 5–8.) For example, in *Bolden*, the plaintiff lost his action in state court to enjoin the City of Topeka's demolition of two commercial properties he owned. 441 F.3d at 1131. The plaintiff later brought another action in federal court, claiming numerous civil rights violations by the City arising from the destruction of his buildings. *Id*. at 1145. The Tenth Circuit held that the *Rooker-Feldman* doctrine did not bar the plaintiff's federal claims because the injuries he complained of in federal courts (the civil rights violations) were independent of the state court judgment denying injunctive relief. *Id.* at 1142–45. The Tenth Circuit explained that the plaintiff "did not ask [the federal court] to overturn the state-court judgment.

9

Indeed, all the state-court judgment did was **permit** the City to demolish [the plaintiff's] buildings—it did not **require** their demolition." *Id.* at 1145.

By contrast, in the action now before the Court, Plaintiff's alleged injuries **arise out of** the state court's FED judgment. As the Magistrate Judge explained, "[f]or the Court to [hold in favor of Plaintiff] would plainly invalidate the state law findings, orders, and judgment." (Doc. # 24 at 10–11.) Such a holding would, in effect, nullify the state court's FED judgment. These claims "are barred by the Rooker-Feldman doctrine." *See Dillard*, 476 F. App'x. at 692 n.3 (holding that where the plaintiff was "attempting to completely undo the . . . eviction proceedings," the *Rooker-Feldman* doctrine barred her claims).

This Court has carefully reviewed *de novo* applicable case law and considered Plaintiff's objections. For the foregoing reasons, the Court finds Magistrate Judge Watanabe's conclusions that Plaintiffs' claims are inextricably intertwined with the state foreclosure action and that the claims are barred by the *Rooker-Feldman* doctrine to be sound. Thus, the Court does not have subject matter jurisdiction over Plaintiffs' claims. The Court affirms the Magistrate Judge's recommendation that this case be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(1). *See* (Doc. # 24 at 11.)

Because this Court lacks subject matter jurisdiction over this action, it need not address Plaintiff's objections to Magistrate Judge Watanabe's analysis of additional grounds for dismissal.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff's objection (Doc. # 28) is OVERRULED. It is

FURTHER ORDERED that the recommendation of United States Magistrate Judge Watanabe (Doc. # 24) that Defendant's Motion to Dismiss all claims be GRANTED is AFFIRMED and ADOPTED as an order of this Court.

DATED: February 22, 2018

BY THE COURT:

_Christine M Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge